# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 07-07856 MMM (AJWx) | Date | June 23, 2008 |
| Title | *Scott v. City of Pasadena, et al.* | | |

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order To Show Cause Why Certain Claims Should Not Be Dismissed Pursuant To *Heck v. Humphrey*, 512 U.S. 477 (1994)

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On December 3, 2007, plaintiff LeCount Phillips Scott filed this action against the City of Pasadena, Pasadena Chief of Police Bernard K. Melekian, Officer Gilgor Jevil, and Does 1-100. The complaint asserts six claims against all defendants: (1) violation of Fourth and Fourteenth Amendment rights; (2) assault; (3) battery; (4) negligence and negligent hiring, retention, and supervision; (5) threats, intimidation, and coercion in violation of California Civil Code § 52.1, and (6) intentional infliction of emotional distress.[1]

The parties have stipulated to stay this proceeding during the pendency of plaintiff's state criminal proceeding, a prosecution which stems from the incident that forms the basis of the claims in this action. This raises the possibility that some or all of plaintiff's claims may be precluded under *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[1] Although the first page of plaintiff's complaint suggests that a claim for false arrest and imprisonment is being made, the pleading contains no substantive allegations supporting such a claim.

## II. DISCUSSION

In *Heck*, the Supreme Court examined whether a state prisoner could challenge the constitutionality of his conviction in a § 1983 suit for damages. Plaintiff alleged that both police and prosecutors had engaged in unlawful investigatory practices, destroyed exculpatory evidence, and used illegal evidence at trial. *Id.* at 479. Heck filed a § 1983 action seeking damages for injuries sustained as a result of the allegedly unconstitutional actions.

The Court held that Heck's § 1983 action was not cognizable. It reasoned that, to avoid undermining the exhaustion requirement of the federal habeas statute, a state prisoner[2] must establish that the criminal proceeding has terminated in his favor before he can maintain a § 1983 claim. *Id.* at 484-85; see also *id.* at 486-87 ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983").

The Court instructed that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. On the other hand, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (footnote omitted).

In *Harvey v. Waldron*, 210 F.3d 1008 (9th Cir. 2000), the Ninth Circuit joined six other circuits in extending the *Heck* doctrine to potential convictions. See *id.* at 1014 ("We agree with the Second, Third, Sixth, Seventh, Tenth, and Eleventh Circuits and hold that *Heck* applies to pending criminal charges, and that a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist"); see also *Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996) ("A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings were ongoing, there would be a potential

---

[2]*Heck* applies to individuals who, although not in custody, are subject to a state sentence of probation or parole. See, e.g., *United States v. Condit*, 621 F.2d 1096, 1098 (9th Cir. 1980) (citing *Hahn v. Burke*, 430 F.2d 100, 102 (7th Cir. 1970)); see also *Heck*, 512 U.S. at 498 (Souter, J., concurring) (short periods of probation or parole must be "complete" before a § 1983 action can be brought); *Arketa v. Wilson*, 373 F.2d 582, 583 (9th Cir. 1967) (a state probationer is "in custody" for purposes of the habeas statute).

for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.  In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter" (citations omitted)).  As the Ninth Circuit explained: "[T]he express objectives of the [Supreme] Court's holding in *Heck* – to preserve consistency and finality, and to prevent collateral attacks on a conviction via a civil lawsuit – are equally applicable 'to claims that, if successful, would necessary imply the invalidity of a future conviction on a pending criminal charge.'"  *Harvey*, 210 F.3d at 1014 (quoting *Smith*, 87 F.3d at 113).

The fact that a criminal action against plaintiff is ongoing does not automatically require dismissal of his civil action.  *Heck* "applies only to those claims that would necessarily imply the invalidity of any conviction that [may] result[ ] from prosecution of the . . . charge."  *Id.* at 1013 (quoting *Beck v. City of Muskogee Police Dep't.*, 195 F.3d 553, 557 (10th Cir. 1999)).  A court must therefore assess each of the plaintiff's civil claims individually to determine whether it has accrued.  *Id.*

A claim that a police officer used excessive force in the course of effecting an arrest does not necessarily imply the invalidity of the arrest or the subsequent criminal charge.  See *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) ("*Heck* does not bar Guerrero's § 1983 excessive force claim . . . because this claim does not 'necessarily imply the invalidity of his conviction or sentence.'  The officers' alleged use of excessive force during Guerrero's arrest does not preclude the possibility that Guerrero was still guilty of possession of narcotics" (footnote omitted)); *Smithart v. Towery*, 79 F.3d 951, 952-53 (9th Cir. 1996) ("Smithart maintains, however, that defendants used force far greater than that required for his arrest and out of proportion to the threat which he posed to the defendants.  In *Heck*, the Court expressly held that where plaintiff's action 'even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.'  Because a successful section 1983 action for excessive force would not necessarily imply the invalidity of Smithart's arrest or conviction, *Heck* does not preclude Smithart's excessive force claim" (citations omitted)).

In *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005) (en banc), the Ninth Circuit noted that an arrest is unlawful under California law if, "at the time of the arrest," an officer is not performing his or her duties.  *Id*. at 695-96.  This temporal limitation, the court held, "does not include previous stages of law enforcement activities that might or might not lead to an arrest, such as conducting an investigation; it includes only the time during which the arrest is being effected." *Id*. at 696.  Therefore, "a conviction for resisting arrest under § 148(a)(1) may be lawfully obtained only if the officers do not use excessive force in the course of making that arrest.  A conviction based on conduct that occurred before the officers commence the process of arresting the defendant is not 'necessarily' rendered invalid by the officers' subsequent use of excessive force in making the arrest. . . .  Similarly, excessive force used after a defendant has been arrested may properly be the subject of a § 1983 action notwithstanding the defendant's conviction on a charge of resisting an arrest that was itself lawfully conducted." *Id*.

To the extent that *Heck* applies to any of plaintiff's causes of action, they must be dismissed, rather than stayed or continued, pending completion of the state court proceedings.  This is because the claims have not yet accrued, and therefore cannot be presently asserted.  See *Sheldon v. Hundley*, 83

F.3d 231, 234 (8th Cir. 1996) (stating that district courts should not stay prematurely filed § 1983 suits but should dismiss them without prejudice).  It is unclear from plaintiff's complaint, however, whether his § 1983 action is based on excessive force that occurred during or subsequent to his arrest.  It is also unclear whether plaintiff asserts a cause of action for false arrest and imprisonment.

### III.  CONCLUSION

Because there is a possibility that some of plaintiff's claims are barred by *Heck*, the court directs plaintiff to submit a brief clarifying whether he asserts a false arrest and imprisonment claim.  The court directs both parties to submit briefs providing a detailed factual description of the circumstances surrounding plaintiff's arrest and the alleged use of excessive force.  The pleadings should discuss the applicability of *Heck* to each of plaintiff's claims, and whether this action, or any of the claims asserted in it, should be dismissed pending conclusion of the criminal action.  The parties are directed to file these briefs **within ten (10) days** of the date of this order.